# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                             CRIMINAL NO. 2006-10200-MLW

JOHN MIGUEL PEREIRA, JR.,
      Defendant.

# *OPINION*

COLLINGS, U.S.M.J.

## *I. Introduction*

John Miguel Pereira, Jr. ("Pereira" or "the defendant") appeared on July 13, 2006 with counsel for a detention hearing. Pereira is charged with "knowingly" possessing a firearm on or about April 18, 2006, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

The purpose of a detention hearing is "...to determine whether any condition or combination of conditions...[of release] will reasonably assure the appearance of [the] person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). After a hearing after consideration of all

of the factors set forth in 18 U.S.C. § 3142(g), the Court on July 14, 2006 issued an electronic order detaining the defendant. In so doing, the Court applied a presumption.[1] The within Opinion explicates the Court's reasons for the use of the presumption in this case.

## II. The Presumption

Title 18 U.S.C. § 3142(e), which contains the presumption, provides:

In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-

> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

---

[1] This is the first presumption contained in 18 U.S.C. § 3142(e); the second, which is inapplicable to the case at bar, is set forth in footnote 5, *infra*.

The first issue to decide in determining whether the presumption applies is whether the instant case is a case described in one of the four subsections of 18 U.S.C. § 3142(f)(1).[2] That section requires a court to hold a detention hearing upon motion by the government "in a case that involves" any of the four subparagraphs of § 3142(f)(1). I find that the instant case is one described in 18 U.S.C. § 3142(f)(1)(D) which provides as follows:

> any felony[3] if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

So the first question is whether Pereira's criminal record reveals two offenses that would be offenses described in paragraph (f)(1) subparagraph (A),(B) or (C) "if a circumstance giving rise to Federal jurisdiction had existed." The Government contends that two of Pereira's prior convictions are "crimes of violence" under subparagraph (f)(1)(A) as that term is defined in 18 U.S.C. §

---

[2] Since the detention hearing was held on July 13 and the electronic order was issued on July 14, 2006, the Adam Walsh Child Protection and Safety Act of 2006, Public Law No. 109-248, 120 Stat. 587, which became law on July 27, 2006, is not applicable to the case at bar. The Court notes that under the provisions of that Act, possession of a firearm by a convicted felon, as charged in the instant case, is included in § 3142(f)(1), specifically in the added subsection (f)(1)(E).

[3] There is no dispute that the Indictment in the instant case charges a felony.

3156(a)(4). Counsel for the defendant argues that neither conviction can be so classified.

The disputed convictions are for breaking and entering into a vehicle in the nighttime with intent to commit a felony in violation of M. G. L. c. 266, § 15, and for possession of burglarious tools for the purpose of theft in violation of M. G. L. c. 266, §49.[4] The offenses were committed on July 7, 2004, and the

---

[4]

M. G. L. c. 266, § 16 provides:

> Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony, or who attempts to or does break, burn, blow up or otherwise injures or destroys a safe, vault or other depository of money, bonds or other valuables in any building, vehicle or place, with intent to commit a larceny or felony, whether he succeeds or fails in the perpetration of such larceny or felony, shall be punished by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years.

Amended by St. 1943, c. 343 s 1; St. 1974, c. 462, s 2; St. 1985, c. 312, s 1.

M. G. L. c. 266, c. 49 provides:

> Whoever makes or mends, or begins to make or mend, or knowingly has in his possession, an engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose, or whoever knowingly has in his possession a master key designed to fit more than one motor vehicle, with intent to use or employ the same to steal a motor vehicle or other property therefrom, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two and one half years.

Amended by St. 1966; c. 269, s 1.

convictions occurred on February 14, 2005 in the South Boston District Court.[5]

### *III. The Statutory Definition of "Crime of Violence"*

The term "crime of violence," as it is used in the pretrial detention context, is defined in 18 U.S.C. § 3156(a)(4). The statute reads:

(4) the term "crime of violence" means –

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 109A, 110, or 117.

---

[5] The Court notes that section 3142(f)(1)(D) requires only that a person "has been convicted of two or more [of the predicate] offenses." By contrast, the Armed Career Criminal Act ("ACCA") requires "three previous convictions . . . committed on occasions different from one another," 18 U.S.C. § 924(e)(1), in order to trigger the mandatory minimum sentence under that statute. The absence of such qualifying language in the Bail Reform Act suggests to the Court that the pretrial detention context does not require that the offenses arise out of separate criminal episodes. Further, the purpose of the provision in the ACCA is to add to a defendant's *punishment* because of his prior criminal acts; the purpose of the Bail Reform Act is to release only those defendants as to whom conditions of release can be fashioned which will reasonably assure the *safety of other persons and the community*. It is therefore quite logical to impose greater punishment only if the prior criminal acts occurred at separate times but to assess the risk to the community if a defendant is released on bail based on his prior convictions regardless of whether they arose out of the same or different courses of conduct. *See generally United States v. Campbell,* 28 F. Supp.2d 805, 809 (W.D.N.Y., 1998). I respectfully disagree with the contrary holding in the case of *United States v. Selby,* 333 F. Supp.2d 367 (D. Md., 2004) (holding that under the Bail Reform Act, for a defendant to have been convicted of two or more offenses constituting crimes of violence, offenses must have been committed on different occasions).

If it is a crime of violence within the meaning of the Bail Reform Act, burglary of a motor vehicle would most likely fall within subparagraph (A) of this paragraph and possession of burglarious tools would fall within subsection (B).

In determining whether an offense constitutes a predicate offense under a given statute, courts typically apply a categorical approach. *See, e.g., Taylor v. United States*, 495 U.S. 575, 600 (1990) (in interpreting the Armed Career Criminal Act ("ACCA"), adopting "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions"); *United States v. Fiore*, 983 F.2d 1, 3 (1 Cir., 1992) (employing categorical approach in defining crime of violence under sentencing guidelines), *cert. denied*, 507 U.S. 1024 (1993); *United States v. Bowers*, 432 F.3d 518, 521 (3 Cir., 2005) (noting weight of authority endorses use of categorical approach in determining whether an offense is a "crime of violence" within meaning of Bail Reform Act). Under this approach, a court looks only to the fact of conviction and the statutory definition of the prior offense. Thus, "if a violation of the statute underlying the prior conviction necessarily involves every element of a [crime of violence], the mere fact of conviction establishes that the putative predicate offense was a [crime of

violence]." *United States v. Richards*, 456 F.3d 260, 263 (1 Cir., 2006) (applying categorical approach under ACCA).

A plain reading of the definition of a "crime of violence" under § 3156(a)(4)(A) certainly suggests the inclusion of offenses such as breaking and entering into a motor vehicle. The text itself states that a crime of violence is, *inter alia*, "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person *or property* of another." § 3156(a)(4)(A) (emphasis added). The act of "breaking and entering" is a necessary element of the Massachusetts burglary statute, and the act requires the use of some amount of physical force in attempting to gain access to the desired structure or vessel. Thus, it is clear that burglary of a motor vehicle, as defined by the state statute, would satisfy the definition of a crime of violence within the meaning of § 3156(a)(4)(A).

Similarly, a plain reading of the definition of a "crime of violence" under § 3156(a)(4)(B) certainly suggests the inclusion of offenses such as possession with intent to use burglarious tools. The text itself states that a crime of

violence is, *inter alia*, "any other offense that is a felony[6] and that, by its nature, involves a substantial risk that physical force against the person *or property* of another may be used in the course of committing the offense." § 3156(a)(4)(B) (emphasis added). The intent to possess the burglarious tools "in order to steal" or "to commit any other crime" is a necessary element of the Massachusetts statute, and having possession of these tools with that intent certainly poses a "substantial risk that physical force...against the property of another may be used" in the course of such possession.  Thus, possession of burglarious tools as defined by the state statute, satisfies the definition of a crime of violence in § 3156(a)(4)(B).

### *IV*. Taylor *and* Shepard

Counsel for the defendant argues that such an analysis is erroneous when one considers the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States,* 544 U.S. 13 (2005).  In *Taylor,* the Supreme Court dealt with the issue of how to categorize burglary with reference to the definition of the term "violent felony" under the Penalties section of the

---

[6] A felony is defined in 18 U.S.C. § 3156(A)(3) as an "offense punishable by a maximum term of imprisonment of more than one year." Possession of burglarious tools is punishable by a maximum term of imprisonment of not more than two and one half years. M. G. L. c. 266, § 49.

ACCA, 18 U.S.C. § 924(e). That statute provides, in pertinent part:

> [T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year...that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another...

The Court in *Taylor* ruled that the word "burglary" in this context is meant to encapsulate a generic, contemporary definition - something more than the traditional common-law definition ("breaking and entering of a dwelling at night, with the intent to commit a felony," *Taylor,* 495 U.S. at 592), but something less than is incorporated into certain State statutes ("breaking and entering 'any booth or tent, or any boat or vessel, or railroad car'," *Taylor*, 495 U.S. at 599, *quoting* Mo. Rev. Stat. § 560.070 (1969)(repealed)). The Court established a generic definition of burglary to guard against potential unfairness in post-conviction sentencing that otherwise depended on the state statute under which a defendant is charged and ultimately convicted. *See Taylor*, 495 U.S. at 591-92. In *Shepard v. United States*, the Supreme Court reaffirmed its definition of generic burglary as a "violent felony" under the ACCA, and

restricted the sources of information to which a court could look in determining whether a prior conviction for burglary met the generic definition. *See Shepard*, 544 U.S. at 26.

Pereira argues that this "generic" definition of burglary should apply to the definition of a crime of violence under 18 U.S.C. § 3156(a)(4), thereby restricting this Court from considering his previous conviction for burglary of a motor vehicle as a predicate offense upon which to base a ruling for detention. The problem with this argument is that the *Taylor* and *Shepard* decisions were construing different terms, *viz.* "crime of violence" and "violent felony" under completely different federal statutes. *Cf. Aguiar v. Gonzales,* 438 F.3d 86, 88 (1 Cir., 2006) (noting that "violent felony" under ACCA and "crime of violence" under the Immigration and Nationality Act present different standards).

The definition of a "violent felony" under § 924(e)(2)(B) of the ACCA differs markedly from the definition of "crime of violence" in § 3156(a)(4) of the Bail Reform Act. In § 924(e)(2)(B), Congress did not include any reference to property in either paragraph (i) or (ii), and referenced burglary in paragraph (ii) in a group of separately named offenses. In contrast, Congress used a broader definition in § 3156(a)(4) by including the word "property" in

paragraphs (A) and (B), and declining to reference any specific crimes. In short, it is fair to conclude that by crafting the text of § 3156(a)(4) in this fashion, Congress intended to broaden the offenses eligible for classification as crimes of violence during the pretrial detention phase.

I conclude that Pereira's prior convictions for breaking and entering into a motor vehicle in the night with intent to commit a felony is a "crime of violence" as defined in § 3156(a)(4)(A). For similar reasons, I rule that possession of burglarious tools with intent to steal or to commit another crime is a "crime of violence" as defined in § 3156(a)(4)(B).

### V. Applying the Presumption

Thus, the first requirement of the presumption outlined in § 3142(e) is met - this is case a described in § 3142(f)(1). This conclusion governs the next step in the presumption, i.e., that "the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed." On February 14, 2005, Pereira was convicted of breaking and entering in the nighttime with intent to commit a felony on July 7, 2004, which, as the Court

has ruled, is within subsection (1) as a "crime of violence".

As to the second requirement, on the date he committed the July 7, 2004 offense, he was on release from the Roxbury District Court pending trial on a charge of possession of a Class D substance, which originated on June 4, 2004 and was not resolved until October 15, 2004.

As to the third requirement, as a result of his conviction on February 14, 2005 for the July 7, 2004 breaking and entering offense, he was sentenced to one year in prison. Thus, not more than five years has elapsed since his release from the prison term imposed for the July 7, 2004 offense.

Thus, the presumption applies, and it is therefore presumed that no conditions or combination of conditions of release will reasonably assure the safety of other persons and the community. Although the First Circuit has not had occasion to construe this particular presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e)[7] in the case of *United*

---

[7] "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), an offense under section 924(c), 956(a), or 2332b of this title, or an offense listed in 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim

States v. Jessup, 757 F.2d 378 (1 Cir., 1985).

Applying the presumption in the instant case in accord with the holding in *Jessup,* the presumption does not shift the burden of persuasion to the defendant. It does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

### VI. Conclusion

In the instant case, the defendant has met his burden of production. However, applying the factors listed in 18 U.S.C. § 3142(g) and the presumption to the extent permitted by the *Jessup* decision, the Court found, as previously indicated, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.

Review of the Court's detention order and the Court's application of the

---

under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title."

presumption as set forth in the within Opinion is governed by 18 U.S.C. § 3145(b).

                                    /s/ Robert B. Collings
                                    ROBERT B. COLLINGS
                                    United States Magistrate Judge

September 25, 2006.